UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GUARDIANSHIP ESTATE OF : 
ANNE F. BARCLAY,
: **OPINION AND ORDER**
Plaintiff,
: 05 Civ. 3837 (GWG)
-v.-
:
COMMISSIONER OF INTERNAL REVENUE,
and DECEDENT'S ESTATE OF ANNE F. :
BARCLAY, FILE No. 736A04, BRONX
COUNTY SURROGATE'S COURT, :
STATE OF NEW YORK,
:
Defendants.
------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

I. BACKGROUND

Plaintiff, the "Guardianship Estate of Anne F. Barclay," seeks to invoke this Court's mandamus jurisdiction to compel the defendant Commissioner of Internal Revenue "to acknowledge plaintiff's timely filing with such defendant of plaintiff's informal requests for a refund in an unliquidated amount of some income taxes paid for the calendar year 2001." See Amended Complaint, filed Nov. 13, 2005 (attached to Docket #7) ("Am. Compl."), at 4.[1]

The gravamen of plaintiff's complaint is that the statute of limitations for plaintiff's underlying requests for refund expired on April 15, 2005, and that the Commissioner "appears to be delaying its responses to plaintiff's requests in recognition of the expiring statute such that plaintiff will be bereft of any remedy respecting the said requested refund." See Am. Compl.

---

[1]The original complaint in this matter was filed on April 15, 2005. See Complaint, filed Apr. 15, 2005 (Docket #1). The amended complaint added Decedent's Estate of Anne F. Barclay as a "nominal defendant." See Am. Compl. ¶¶ 5, 10.

¶ 14. Thus plaintiff asserts that it has "a clear right to defendant's . . . acknowledgment of plaintiff's timely filing . . . of plaintiff's informal requests for a refund . . . ." Id. ¶ 17.

The Government moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1), and included an argument that this Court lacks mandamus jurisdiction. See Notice of Motion, filed Jan. 27, 2006 (Docket #12); Memorandum of Law in Support of the Government's Motion to Dismiss the Amended Complaint, filed Jan. 27, 2006 (Docket #13) ("Gov't Br."), at 3-7; Declaration of Jeanne Moisa, filed Jan. 27, 2006 (Docket #14).

Plaintiff filed opposition papers on March 28, 2006. See Memorandum in Opposition to Defendant CIR's 12(b)(1) Motion, filed Mar. 28, 2006 (Docket #15) ("Opp. Mem."); Declaration, filed Mar. 28, 2006 (Docket #16). In these papers, plaintiff noted the Government's statement in its motion papers that "the Amended Return was filed on April 7, 2005." See Opp. Mem. at 2 (citing Gov't Br. at 2). Plaintiff states that it considers this an acknowledgment of its "timely filing," and thus that its "demand for relief seems to have been accomplished as a result of this action, and the Court need not reach the mandamus issue as the cause appears, in particularity of plaintiff's demand for relief, moot." See id.

On April 21, 2006, the Government filed reply papers. See Reply Memorandum of Law in Further Support of the Government's Motion to Dismiss the Amended Complaint, filed Apr. 21, 2006 (Docket #18) ("Gov't Reply Mem."). The motion is now fully briefed. The parties have consented to the adjudication of this matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

II. ANALYSIS

The "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them. The inability of the federal judiciary to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." DeFunis v. Odegaard, 416 U.S. 312, 316 (1974) (internal citations and quotation marks omitted). Thus, a case becomes moot "when it is impossible for the court to grant any effectual relief whatever to a prevailing party." In re Kurtzman, 194 F.3d 54, 58 (2d Cir. 1999) (internal citations, emphasis, and quotation marks omitted). "When a case becomes moot, the federal courts 'lack[] subject matter jurisdiction over the action.'" Fox v. Bd. of Trustees of State Univ. of N.Y., 42 F.3d 135, 140 (2d Cir. 1994) (quoting New York City Employees' Retirement Sys. v. Dole Food Co., 969 F.2d 1430, 1433 (2d Cir. 1992)), cert. denied, 515 U.S. 1169 (1995). For a federal court to have subject matter jurisdiction over a case, "it is not enough that a dispute was very much alive when suit was filed . . . . The parties must continue to have a personal stake in the outcome of the lawsuit." Knaust v. City of Kingston, 157 F.3d 86, 88 (2d Cir. 1998) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990)), cert. denied, 526 U.S. 1131 (1999).

Here, the plaintiff has stated that its demand for relief has been satisfied and that its claim is therefore moot. See Opp. Mem. at 2. The Government does not contest this. See Gov't Reply Mem. at 2. Therefore, neither party has a continuing interest in this case. Because "[c]ourts have no license to retain jurisdiction over cases in which one or both of the parties plainly lacks a continuing interest," Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.,

528 U.S. 167, 170 (2000), this case must be dismissed.[2]

Conclusion

For the foregoing reasons, the case is dismissed. The Clerk is requested to enter judgment and to close this case.

SO ORDERED.

Dated: May 18, 2006
       New York, New York

                                                                    _____
                                                                    GABRIEL W. GORENSTEIN
                                                                    United States Magistrate Judge

---

[2] In light of this disposition, it is unnecessary to reach the issue of whether plaintiff's attorney has authority to prosecute this lawsuit – an issue raised in an April 28, 2006, letter from the attorney for the administratrix of the Estate of Anne F. Barclay.

4

528 U.S. 167, 170 (2000), this case must be dismissed.[2]

Conclusion

For the foregoing reasons, the case is dismissed. The Clerk is requested to enter judgment and to close this case.

SO ORDERED.

Dated: May 18, 2006
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

[2] In light of this disposition, it is unnecessary to reach the issue of whether plaintiff's attorney has authority to prosecute this lawsuit – an issue raised in an April 28, 2006, letter from the attorney for the administratrix of the Estate of Anne F. Barclay.

4